**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MUZAFAR MUSINOV,

      Petitioner,

v.

                                   Case No. 1:26-cv-00773-MIS-GBW

MARKWAYNE MULLIN, Secretary of the
Department of Homeland Security; TODD
BLANCHE, Acting Attorney General of the
United States; TODD LYONS, Acting
Director of U.S. Immigration and Customs
Enforcement; MARY DE ANDA-YBARRA,
El Paso Field Office Director for U.S.
Immigration and Customs Enforcement,
Enforcement and Removal Operations; and
GEORGE DEDOS, Warden of the Cibola
County Correctional Center,

      Respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Muzafar Musinov's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed March 16, 2026. The Federal Respondents filed a Response on March 30, 2026 ("Response"),[1] ECF No. 8, to which Petitioner filed a Reply on April 10, 2026 ("Reply"), ECF No. 9. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

**I.      Background**

Petitioner is a citizen of Uzbekistan who entered the United States illegally near San Luis, Arizona, on June 4, 2023. See Pet. ¶ 1; Notice to Appear, ECF No. 1-1 at 2. He was apparently

---

[1]      The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

apprehended shortly thereafter.  See Pet. ¶ 1; Notice to Appear, ECF No. 1-1 at 2.  On June 7, 2023, the Department of Homeland Security ("DHS") determined that Petitioner was subject to removal under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), issued Petitioner a Notice to Appear, commenced removal proceedings, and ordered Petitioner detained.  Notice to Appear, ECF No. 1-1 at 2; Notice of Custody Determination, ECF No. 8-1 at 4.  According to Petitioner, he was released on his own recognizance on June 23, 2023.  Pet. ¶ 2.  He filed an Application for Asylum on November 1, 2023, which is currently pending.  Pet. ¶ 1.

According to Respondents, "while conducting a background check of Petitioner, an Immigration Service Officer discovered that Petitioner was convicted of murder in his home country of Uzbekistan and sentenced to 22 years in prison in 2009."  Resp. at 2.  "After learning this information, the defendant was taken into custody on November 26, 2025."[2]  Id.

On January 16, 2026, Petitioner, represented by counsel, was given a bond hearing before an Immigration Judge.  See Order of the Immigration Judge, ECF No. 8-5.  The Immigration Judge denied Petitioner release from custody, finding: "Detention is mandatory.  Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025).  In the alternative, the Respondent has not met his burden of showing that he is not a danger to the community."  Id. at 1.  Petitioner did not appeal the Immigration Judge's Order.  Resp. at 2; Reply at 3.

On March 16, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  ECF No. 1.  The same day, the Court issued an Order to Show Cause instructing Respondents to answer the Petition and show cause why it should not be granted.  ECF No. 5.  On March 30, 2026, Respondents filed a Response, ECF No. 8, to which Petitioner filed a Reply, ECF No. 9.

---

[2]      Petitioner claims that he was arrested on November 28, 2025.  Pet. ¶ 5.

## II.     Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.     Discussion

Petitioner argues that his detention violates his substantive and procedural due process rights under the Fifth Amendment, Pet. ¶¶ 73-82, constitutes arbitrary and capricious government action in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2), id. ¶¶ 83-92, violates his equal protection rights, id. ¶¶ 93-104, violates the suspension clause, U.S. Const. art. I § 9, cl. 2, id. ¶¶ 105-115, and violates the Accardi doctrine, id. ¶¶ 116-122.  He seeks immediate release from Respondents' custody.  Id. at 31.

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  Resp. at 3.  However, they "acknowledge that this Court recently reached the opposite conclusion in Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR, 2026 U.S. Dist. LEXIS 20895 (D.N.M. Feb. 2, 2026) on facts substantially similar to those currently before the Court."

3

Id.  They further acknowledge "that this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."  Id. at 4.  They further argue that the Court has lost subject matter jurisdiction because Petitioner received a bond hearing prior to filing the instant Petition and failed to timely appeal the Immigration Judge's Order.  Id.

In his Reply, Petitioner argues that the Court retains jurisdiction over his constitutional claims, and he is not seeking review of the Immigration Judge's discretionary bond determination. Reply at 3-4.  He argues that he "is being detained based on an ultra vires decision labeled 'dangerous,' stemming from a conviction that no longer exists."[3]  Id. at 4.  Petitioner further argues that the Government failed to establish that he is dangerous at his bond hearing, id. at 7-8, and that "the Immigration Judge failed to consider critical exculpatory evidence, including Petitioner's exoneration and rehabilitation following the vacatur of his conviction[,]" id. at 9.  He argues that "[a]n individualized assessment cannot be meaningful where it ignores the most probative evidence in the record."  Id.

After careful consideration, the Court is constrained to find that Petitioner's detention is not unlawful.  Initially, for the reasons explained in this Court's decision in Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026), the Court finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a), which provides that the Attorney General may exercise his discretion to either detain or release a noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2); see also Mwangi v. Terry, 465 F. App'x 784, 786 (10th Cir. 2012).  It is

---

[3]        Petitioner asserts that he was "wrongfully convicted in Uzbekistan, sentenced to a lengthy term of imprisonment, and served more than a decade in custody before the conviction was overturned. The conviction resulted from false accusations, coerced testimony, and pressure from powerful individuals."  Id.

4

undisputed that on January 16, 2026, an Immigration Judge held a bond hearing, during which Petitioner was represented by counsel, and denied Petitioner's release on bond on two alternative grounds: (1) "Detention is mandatory [under] Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)"; and (2) "In the alternative, the Respondent has not met his burden of showing that he is not a danger to the community." ECF No. 8-5 at 1. The Due Process Clause is satisfied when a noncitizen detained under 8 U.S.C. § 1226(a) receives an adequate bond hearing. See Barry v. Lyons, Case No. 1:26-cv-00504-KWR-KRS, 2026 WL 926218, at *7 (D.N.M. Apr. 6, 2026) ("[T]he Court finds that a bond hearing pursuant to § 1226(a) provides Petitioner with the process he is due."); Montero Cordova v. Noem, Case No. 1:26-cv-00526-KWR-DLM, 2026 WL 867689, at *6 (D.N.M. Mar. 30, 2026) ("The Court finds that due process affords Petitioner a bond hearing under § 1226(a), and the hearing need not occur prior to his re-detention.").

To the extent that Petitioner argues that the bond hearing was inadequate because the Immigration Judge issued his flight-risk ruling on an alternative basis, the Court is not persuaded. As another court has explained with regard to an Immigration Judge's alternative finding that a noncitizen was a flight risk:

> There is no reason to discount the Immigration Judge's risk-of-flight holding because it was handed down on an in-the-alternative basis. In-the-alternative holdings are understood as providing, on their own, a sufficient foundation for a court's ruling. See Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund v. Comm'r, 523 F.3d 140, 147 n.5 (3d Cir. 2008) (quoting Woods v. Interstate Realty Co., 337 U.S. 535, 537 (1949)).[4]

---

[4] This is why, for example, an in-the-alternative holding can have a preclusive effect. See, e.g., Anderson v. Comm'r, 698 F.3d 160, 165 (3d Cir. 2012) ("all 'independently sufficient alternative findings should be given preclusive effect' "); 18 Wright & Miller's Federal Practice & Procedure § 4421 & n.27 (3d ed. 2025) (noting that extending issue preclusive effect to each "independently sufficient finding[ ]" is the "view with substantial support in federal decisions").

5

> Therefore, the Immigration Judge's in-the-alternative holding, that the Petitioner is a risk of flight, supplies an adequate basis for the Immigration Judge's determination that the Petitioner should remain detained.[5]

Chiquito Barzola v. Warden, No. 2:25-cv-17326 (MEF), 2025 WL 3443487, at *2 (D.N.J. Dec. 1, 2025) (footnotes in original); see also Chait v. Blanche, Case No. CIV-26-311-D, 2026 WL 915596, at *8 (W.D. Okla. Apr. 3, 2026), report and recommendation adopted, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026); Kumar v. De Anda-Ybarra, Case No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

To the extent that Petitioner argues that the bond hearing was inadequate because the Immigration Judge's dangerousness finding relies on evidence that is, in Petitioner's opinion, less probative than evidence Petitioner presented, the Court finds that the Immigration Judge's dangerousness determination is not subject to judicial review.[6] 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); see also Mwangi, 465 F. App'x at 786-87; Chen v. Dorneker, CASE NO. 21-3230-JWL, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021).

The Court discerns no other basis to find that the January 16, 2026 bond hearing was inadequate. Petitioner does not argue, for example, that he was deprived of the opportunity to present evidence that he is not dangerous. Kumar, 2026 WL 753944, at *2 (finding that the

---

[5] That sufficient basis is also a lawful basis, because, as noted, the laws of the United States permit detention following a finding of a flight risk. See, e.g., Skinner, 2014 WL 70066, at *5.

[6] The Court can envision a scenario where an immigration makes an in-the-alternative finding of flight risk or dangerousness, but the record is so devoid of evidence or argument supporting such a finding that the Court would be unable to conclude that the bond hearing satisfied due process. This is not that case.

petitioner's argument regarding the adequacy of the bond hearing was "too underdeveloped to warrant habeas relief" because, for example, the petitioner "does not indicate that he was denied the opportunity to present evidence at the bond hearing").  Indeed, Petitioner asserts that he and his attorney presented "critical exculpatory evidence, including Petitioner's exoneration and rehabilitation following the vacatur of his conviction."  Reply at 9.

Because Petitioner received an adequate bond hearing, the Court finds that Petitioner's detention does not violate his substantive or procedural due process rights; does not constitute agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of the APA, 5 U.S.C. § 706(2)(A); and does not violate the equal protection clause, the suspension clause, or the Accardi doctrine.

## IV.      Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.      Petitioner Muzafar Musinov's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**;

2.      All pending motions are **DENIED AS MOOT**; and

3.      This case is now **CLOSED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE